United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Trina S. Upchurch  
    Debtor

Case No. 19-11701-mdc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: dlv     Page 1 of 1     Date Rcvd: Feb 06, 2020  
                    Form ID: pdf900     Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 08, 2020.  
db          +Trina S. Upchurch,   5110 Parrish Street,   Philadelphia, PA 19139-1534  
cr          +NewRez LLC d/b/a Shellpoint Mortgage Servicing,   c/o Shellpoint Mortgage Servicing,  
            PO BOX 10826,   GREENVILLE, SC 29603-0826

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
cr           E-mail/Text: bnc-quantum@quantum3group.com Feb 07 2020 03:17:43      Quantum3 Group LLC,  
            MOMA Trust LLC,   PO Box 788,   Kirkland, WA  98083-0788  
                                                                                                                                TOTAL: 1

               ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 08, 2020                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 6, 2020 at the address(es) listed below:  
         HOWARD GERSHMAN     on behalf of Creditor     Transit Workers Federal Credit Union  
            hg229ecf@gmail.com,  229ecf@glpoc.comcastbiz.net  
         KEVIN G. MCDONALD     on behalf of Creditor     DITECH FINANCIAL LLC bkgroup@kmllawgroup.com  
         MICHAEL A. CATALDO2     on behalf of Debtor Trina S. Upchurch ecf@ccpclaw.com,  
            igotnotices@ccpclaw.com  
         MICHAEL A. CIBIK2     on behalf of Debtor Trina S. Upchurch ecf@ccpclaw.com,  
            igotnotices@ccpclaw.com  
         REBECCA ANN SOLARZ     on behalf of Creditor     NewRez LLC d/b/a Shellpoint Mortgage Servicing  
            bkgroup@kmllawgroup.com  
         United States Trustee     USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER, Esq.     ecfemails@ph13trustee.com,  philaecf@gmail.com  
                                                                                                                                         TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Trina S. Upchurch<br>      Debtor | CHAPTER 13 |
| Shellpoint Mortgage Servicing*<br>      Movant<br>vs.<br>Trina S. Upchurch<br>      Debtor | NO. 19-11701 MDC |
| William C. Miller Esq.<br>      Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,010.85**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | August 1, 2019 to November 1, 2019 at $460.13/month<br>December 1, 2019 at $482.94/month |
| Suspense Balance: | $343.61 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$3,010.85** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$3,010.85**.

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$3,010.85** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due January 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $482.94 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

Case 19-11701-mdc    Doc 49    Filed 02/08/20    Entered 02/09/20 00:51:45    Desc Imaged
Certificate of Notice    Page 3 of 3

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: December 5, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 2/3/2020

Michael A. Cibik, Esquire
Attorney for Debtor

Trina Upchurch
**NO OBJECTION**

Date: 2/3/2020

William C. Miller, Esquire
Chapter 13 Trustee

*without prejudice to any trustee rights or remedies

Approved by the Court this 6th day of February, 2020. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge
Magdeline D. Coleman

*This loan was service transferred from Ditech Financial LLC on November 1, 2019.